**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 06-4374**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DEREK SHAY ENLOE, a/k/a Derek Shea Enloe,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.  Richard L. Voorhees, District Judge.  (5:04-cr-00068-ALL)

———————

Submitted:  September 17, 2007          Decided:  October 10, 2007

———————

Before NIEMEYER and TRAXLER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

William R. Terpening, ANDERSON TERPENING, PLLC, Charlotte, North Carolina, for Appellant.  Richard Lee Edwards, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Derek Shay Enloe appeals his conviction after a jury found him guilty of corruptly endeavoring to influence and impede the due administration of justice by asking another person to testify falsely and corruptly attempting to persuade another person with intent to influence the testimony of that other person in an official proceeding, in violation of 18 U.S.C. §§ 1503, 1512(b)(1) (2000). Enloe was sentenced to concurrent terms of thirty-three months' imprisonment. Enloe's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting, in his opinion, there are no meritorious grounds for appeal but raising the issues of whether the evidence was sufficient to convict Enloe and whether the verdict should be reversed because it was inconsistent. The Government has not filed an answering brief. Enloe was advised of his right to file a pro se supplemental brief but has not done so. Finding no reversible error, we affirm.

To determine if there was sufficient evidence to support a conviction, this Court considers whether, taking the evidence in the light most favorable to the Government, substantial evidence supports the jury's verdict. Glasser v. United States, 315 U.S. 60, 80 (1942). This Court has "defined 'substantial evidence' as 'evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.'" United States v. Smith, 451 F.3d 209,

- 2 -

216 (4th Cir.), cert. denied, 127 S. Ct. 197 (2006) (quoting United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc)). This Court reviews permits the "government the benefit of all reasonable inferences from the facts proven to those sought to be established." United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). In resolving issues of substantial evidence, this Court does not weigh evidence or reassess the factfinder's assessment of witness credibility. See United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989). After thoroughly reviewing the record and taking the evidence in the light most favorable to the Government, we find that substantial evidence supports the convictions.

Enloe's counsel also raises the issue of whether it was inconsistent for the jury to find Enloe guilty of improperly influencing testimony and yet acquit him of the charge of threatening a federal officer. The Supreme Court in United States v. Powell, 469 U.S 57 (1984), affirmed the principle that "[c]onsistency in the verdict is not necessary. Each count in an indictment is regarded as if it was a separate indictment." Id. at 62 (quoting Dunn v. United States, 284 U.S. 390, 393 (1932)). We find the issue is without merit.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This

court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED